FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2022 APR -6 PM 1:06

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:22cr131 VMC-AEP

YONASKY FERNANDEZ ROSA

18 U.S.C. § 1029(a)(1)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 1028A(a)(1)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Possession of Device-Making Equipment)

On or about June 2, 2021, in the Middle District of Florida, and elsewhere, the defendant,

YONASKY FERNANDEZ ROSA,

did knowingly, and with intent to defraud, have control and custody of and possess device-making equipment, to wit, two skimmers and a magnetic encoder, said control and custody and possession affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 1029(a)(4) and (c)(1)(A)(ii).

### COUNT TWO
(Possession of Fifteen or More Counterfeit Access Devices)

On or about June 2, 2021, in the Middle District of Florida, and elsewhere, the defendant,

YONASKY FERNANDEZ ROSA,

did knowingly, and with intent to defraud, possess fifteen or more counterfeit and unauthorized access devices, to wit, credit card and debit card numbers, said possession affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i).

## COUNTS THREE THROUGH FIVE
(Access Device Fraud)

On or about the date set forth in each count below, in the Middle District of Florida and elsewhere, the defendant,

YONASKY FERNANDEZ ROSA,

did knowingly, and with intent to defraud, produce, use, and traffick in one or more counterfeit access devices described below, said production, use and trafficking affecting interstate and foreign commerce.

| Count | Date | Victim | Account Number | Transaction Information |
|---|---|---|---|---|
| THREE | April 6, 2021 | Victim 1 | Financial Institution 1 credit card number ending in -0804 | $92.22 purchase |
| FOUR | April 18, 2021 | Victim 1 | Financial Institution 1 credit card account ending in -0804 | $100.00 purchase |
| FIVE | April 6, 2021 | Victim 2 | Financial Institution 2 debit card with account ending in -3732 | $100.00 purchase |

In violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).

2

## COUNTS SIX AND SEVEN
### (Aggravated Identity Theft)

On or about the date set forth in each count, in the Middle District of Florida, and elsewhere, the defendant,

YONASKY FERNANDEZ ROSA,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically a counterfeit credit card or debit card account number belonging to the victim account holder described in each count below, during and in relation to the felony violation of 18 U.S.C. § 1029 (Access Device Fraud), knowing that the means of identification belonged to an actual person.

| Count | Date | Victim | Counterfeit Card Account Number | Transaction Information |
|---|---|---|---|---|
| SIX | April 6, 2021 | Victim 1 | Financial Institution 1 credit card account ending in -0804 | $92.22 purchase at CircleK in Plant City, FL |
| SEVEN | April 6, 2021 | Victim 2 | Financial Institution 2 debit card account ending in -3732 | $100.00 purchase at 7-Eleven in Seffner, FL |

In violation of 18 U.S.C. § 1028A.

## FORFEITURES

1.     The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of

3

alleging forfeitures pursuant to the provisions of 18 U.S.C. §§ 982(a)(2)(A), 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of a violation of 18 U.S.C. § 1029, the defendant, YONASKY FERNANDEZ ROSA, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2).

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: David W.A. Chee
Assistant United States Attorney

Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
April 22                                    No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

THE UNITED STATES OF AMERICA

vs.

YONASKY FERNANDEZ ROSA

## INDICTMENT

Violations: 18 U.S.C. §§ 1029(a)(1), 1029(a)(3), and 1029(a)(4) & 18 U.S.C. § 1028A(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 6th day of April 2022.

_____
Clerk

Bail $_____

GPO 863 525